(Hamilton County, Common Pleas.)
March 1894.

### HART et al. v. SARVIS et al.

*Confession of judgment by an attorney under warrant—Liability of husband to wife for debts contracted prior to marriage.*

It is not necessary, under Sec. 5321 of the Rev. Stats. of Ohio, that the defendant should appear in person to confess judgment, where an answer is filed admitting the indebtedness set out in the petition.

An action will lie between husband' and wife, and debts due a woman are not extinguished by her inter-marriage with the debtor.

---

SAYLER, J.

I think that the weight of evidence is, that the amounts of the three notes, upon which suit was brought by W. H. Sarvis against Martin Donahue, in case No. 96485 of the

Common Pleas Court, were justly owing to him.

The notes provide: "And we hereby authorize any attorney of any court of record in the state of Ohio at any time after the above sum becomes due, to appear for us or either of us in any court in said state having jurisdiction of said sum, and confess judgment hereon, against us or either of us, in favor of said payees," etc.

The judgment entry in said case is as follows: "Now came the plaintiff by his attorney; also came W. F. Fox, one of the attorneys of this court on behalf of the defendant, Martin Donahue, and by virtue of a warrant of attorney for the purpose duly executed by said Martin Donahue and now produced to the court, waived the issuing and service of process, and with the assent of the plaintiff confessed that the said Martin Donahue is justly indebted to the said plaintiff in the sum of," etc., and the original notes containing the warrants were filed with the clerk.

It will be noted that the power authorizes the attorney in fact to appear for Donahue and confess judgment, while the judgment recites that he waived the issuing and service of process.

It is claimed that by the power, authority was not given to waive the service, and that therefore the suit could not be maintained without service of summons. But Sec. 5043 provides that the voluntary appearance of the defendant is equivalent to service; and Sec. 5324 provides that an attorney who confesses judgment shall produce the warrant of attorney for making the same to the court, and the original or a copy be filed with the clerk.

I think the warrant was sufficient to authorize the attorney to enter the appearance of Donahue under Sec. 5043, and that judgment was confessed in compliance with Sec. 5324; and the waiver of service in the judgment was of no moment.

I think the act of the attorney in fact comes within a strict construction of the power given, and therefore within many cases cited by the plaintiff.

On June 12, 1891, Martin Donahue executed and delivered to Lulu S. Hodson his note for $2,000 for value received.

In September, 1891. Martin Donahue was married to Lulu S. Hodson.

On February 15, 1892, Martin Donahue executed and delivered to Lulu H. Donahue, his wife, a note for $200 for value received.

On June 23, 1893, Lulu H. Donahue filed her petition against Martin Donahue in the common pleas court on said two notes; Martin Donahue filed an answer admitting the allegations of the petition, and the case was thereupon submitted on the petition, answer and evidence, and a judgment was rendered in the amount of $2,465.33, being the amount of the two notes with interest.

I think these proceedings come within Sec 5043. I do not think it necessary that the defendant should appear in court in person under Sec. 5321, in order to confess

judgment in a case in which the cause of action is set up in the petition, and in which the defendant files an answer admitting the indebtedness set out in the petition; 35 Ohio St, 112.

It is claimed that no action will lie between husband and wife.

By Sec, 3112, the husband or wife may enter into an engagement or transaction with the other. It seems to me this section impliedly vests the husband or wife with a right of action to enforce such engagement or transaction. Sec. 3113 provides that they shall not, by contract, alter their "legal relations;" but this section clearly has no reference to contracts of the kind sued on by Lulu H. Donahue in said case.

I see no reason for confining the right of action to an equitable proceeding: See 1 Parsons on Contracts, 8 Ed), page 340. I have examined the authorities cited, but do not think they sustain the proposition.

It is claimed that by the marriage the $2,000 debt was extinguished. It was held in the 18 Ohio St., 543, that "debts due to a woman are extinguished by her intermarriage with the debtor." This was the common law. It seems to me, however, that by the act of March 19, 1887, Secs. 3108, et seq., it was the purpose of the legislature to do away with the common law rules in regard to the interests and rights of the husband or wife in the property of the other; to recognize them as separate and distinct individuals so far as property rights are concerned, and by Sec. 3111, it is provided that "neither husband nor wife has any interest in the property of the other," except for support and dower.

I think the common law is modified in this respect by the statute.

I think, therefore, that the $2,000 was a subsisting claim.

The petition will be dismissed.

L. H. Pummill. for Plaintiff.

Symmes & Fox, contra.